IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| ERIC JOHNSON, MARY MOSLEY, and DEMARIO LLOYD, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.    25-cv-6410 |
| MARKHAM POLICE OFFICER TOLEDO (Star No. 582), in his individual capacity; MARKHAM POLICE OFFICER RANGEL (Star No. 546), in her individual capacity; MARKHAM POLICE OFFICER MICHAELS (Star No. 557), in his individual capacity; MARKHAM POLICE OFFICER CARSON (Star No. 552), in his individual capacity; and CITY OF MARKHAM, | ) ) ) ) ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

## COMPLAINT

NOW COME Plaintiffs, ERIC JOHNSON, MARY MOSLEY, AND DEMARIO LLOYD, ("Plaintiffs or, respectively, "Plaintiff Johnson," Plaintiff Mosley," and "Plaintiff Lloyd"), by and through their attorneys, Barney Hammond LLP, and complaining of Defendants, MARKHAM POLICE OFFICERS TOLEDO (Star No. 582, RANGEL (Star No. 546), MICHAELS (Star No. 557), and CARSON (Star No. 552), each in their individual capacity, (referred to herein collectively as "Defendant Officers") and CITY OF MARKHAM, and state as follows:

## INTRODUCTION

1.     This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States

1

Constitution.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a) and the Constitution of the United States.

3.     Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within the district.

## PARTIES

4.     **Plaintiffs**. Eric Johnson, Mary Mosley, and Demario Lloyd are residents of City of Markham, Illinois.

5.     **Defendant Officer Toledo**. Defendant Officer Toledo ("Defendant Toledo") is, and was at all times complained of herein, employed by the City of Markham as a police officer for the Markham Police Department. At all times material to this Complaint, Defendant Toledo was acting within the scope of his employment and under color of state law, ordinance, and/or regulation, statutes, custom, and usage of the City of Markham and the Markham Police Department.

6.     **Defendant Officer Rangel**. Defendant Officer Rangel ("Defendant Rangel") is, and was at all times complained of herein, employed by the City of Markham as a police officer for the Markham Police Department. At all times material to this Complaint, Defendant Rangel was acting within the scope of her employment and under color of state law, ordinance, and/or regulation, statutes, custom, and usage of the City of Markham and the Markham Police Department.

7. **Defendant Officer Michaels**. Defendant Officer Michaels ("Defendant Michaels") is, and was at all times complained of herein, employed by the City of Markham as a police officer for the Markham Police Department. At all times material to this Complaint, Defendant Michaels was acting within the scope of his employment and under color of state law, ordinance, and/or regulation, statutes, custom, and usage of the City of Markham and the Markham Police Department.

8. **Defendant Officer Carson**. Defendant Officer Carson ("Defendant Carson") is, and was at all times complained of herein, employed by the City of Markham as a police officer for the Markham Police Department. At all times material to this Complaint, Defendant Carson was acting within the scope of his employment and under color of state law, ordinance, and/or regulation, statutes, custom, and usage of the City of Markham and the Markham Police Department.

9. **Defendant City of Markham**. The City of Markham is a municipal corporation with its principal place of business located in Markham, Illinois.

## <u>BACKGROUND</u>

10. On the morning of June 9, 2024, at or near 3409 Magnolia Drive in Markham, Illinois, Defendant Toledo, who was on duty and in his marked Markham Police Department squad car, arrived at Plaintiffs' residence on Magnolia Drive and ordered Plaintiff Mosley to move a vehicle that was parked in the driveway next door.

11. Defendants Rangel, Michaels, and Carson, also on duty and in their

police vehicles, arrived on scene a short time after Defendant Toledo.

12.     After Defendant Toledo ordered Plaintiff Mosley to move the vehicle, Plaintiff Johnson came outside of his residence.

13.     Defendant Toledo then grabbed Plaintiff Johnson and violently threw him to the ground.

14.     While Plaintiff Johnson was on the ground, Defendant Toledo choked Plaintiff Johnson and struck him in his head and face area and slammed Plaintiff Johnson's head into the ground, among other acts of physical abuse.

15.     Defendant Toledo screamed obscenities and vulgarities at Plaintiff Johnson during this abuse.

16.     Plaintiff Johnson had been cooperating with Defendant Toledo prior to Defendant Toledo's acts of violence, and did not resist or obstruct Defendant Toledo in any way before or after he was thrown to the ground.

17.     There was no legal justification for Defendant Toledo's use of force.

18.     While Plaintiff Johnson was immobilized on the ground, Defendant Carson dispersed pepper spray in Plaintiff Johnson's eyes, and Defendant Toledo raised his fist and threatened to punch Plaintiff Johnson in the face.

19.     Plaintiff Johnson did not pose a threat to any person or property at any point in time during the encounter.

20.     Defendant Carson then dispersed pepper spray in the faces of Plaintiff Mosley and Plaintiff Lloyd.

21.     Defendant Carson's actions in dispersing pepper spray at Plaintiffs

was without cause or any legal justification.

22.     During the time Plaintiff Johnson was being detained, Defendant Rangel began pushing and threatening Plaintiff Mosley.

23.     As Plaintiff Mosley retreated towards her house in response to Defendant Rangel's aggressive actions, Defendant Rangel followed Plaintiff Mosley and continued pushing her.

24.     When Plaintiff Mosley had relocated to the front of her house, and after Defendant Toledo had arrested Plaintiff Johnson and put him inside Toledo's police vehicle, Defendant Toledo approached Plaintiff Mosley, pointed his taser in Plaintiff Mosley's direction, and threatened to tase Plaintiff Mosley.

25.     Plaintiff Mosley did not pose any threat to any person or property during this time, and there was no cause or legal justification for Defendant Rangel's use of physical force against Plaintiff Mosley or for Defendant Toledo's threat to tase Plaintiff Mosley.

26.     Defendants Rangel and Carson then placed handcuffs on Plaintiff Mosley and arrested her.

27.     Around this time, Plaintiff Lloyd had also exited the residence to see what was going on.

28.     Defendants Michaels and Toledo threw Plaintiff Lloyd to the ground and then arrested him. Defendant Rangel assisted with the arrest.

29.     While Plaintiff Lloyd was on the ground and immobilized, both Defendant Toledo and Defendant Michael struck Plaintiff Lloyd about the head and

body and used other forms of physical force against him.

30.     There was no cause or legal justification for Defendant Toledo's and Defendant Michaels' use of force.

31.     At no point did Plaintiff Lloyd pose a threat to any person, including any officers, or to any property.

32.     Defendant Officers arrested Plaintiffs and caused Plaintiffs to be arrested and criminally charged with various offenses.

33.     Defendant Officers did not have probable cause to arrest Plaintiffs and there was no probable cause supporting the charges that were lodged against Plaintiffs by Defendant Officers.

34.     All of the criminal charges against Plaintiffs were ultimately dismissed and the criminal proceedings initiated by Defendant Officers against Plaintiffs terminated in Plaintiffs' favor in a manner indicative of innocence.

## COUNT I
### 42 U.S.C. § 1983 Claim: Excessive Force (Fourth Amendment)
### (Plaintiff Johnson against Toledo and Carson)

35.     Plaintiffs re-allege paragraphs 1 through 33 as if fully restated herein.

36.     The force used against Plaintiff Johnson by Defendants Toledo and Carson was unreasonable and excessive.

37.     As a result of Defendant Toledo's and Defendant Carson's unreasonable, unjustified, and excessive use of force, Plaintiff Johnson suffered pain and injury, as well as emotional distress.

38.     The misconduct of Defendant Toledo and Defendant Carson described

in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff Johnson's constitutional rights.

39. This conduct violated the Fourth and Fourteenth Amendments to the United States Constitution, and hence 42 U.S.C. § 1983.

40. The constitutional violations described herein was a direct and proximate result of Defendant Toledo's and Defendant Carson's actions, and Plaintiff Johnson suffered injuries as a result of those actions, including pain, suffering, and emotional distress.

## COUNT II
### 42 U.S.C. § 1983 Claim: Excessive Force (Fourth Amendment)
### (Plaintiff Mosley against Rangel, Carson, and Toledo)

41. Plaintiffs re-allege paragraphs 1 through 33 as if fully restated herein.

42. The force used against Plaintiff Mosley by Defendants Rangel, Carson, and Toledo was unreasonable and excessive.

43. As a result of Defendant Rangel's, Defendant Carson's, and Defendant Toledo's unreasonable, unjustified, and excessive use of force, Plaintiff Mosley suffered pain and injury, as well as emotional distress.

44. The misconduct of Defendant Rangel, Defendant Carson, and Defendant Toledo described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff Mosley's constitutional rights.

45. This conduct violated the Fourth and Fourteenth Amendments to the

United States Constitution, and hence 42 U.S.C. § 1983.

46.     The constitutional violations described herein was a direct and proximate result of Defendant Rangel's, Defendant Carson's, and Defendant Toledo's actions, and Plaintiff Mosley suffered injuries as a result of those actions, including pain, suffering, and emotional distress.

**COUNT III**
**42 U.S.C. § 1983 Claim: Excessive Force (Fourth Amendment)**
**(Plaintiff Lloyd against Toledo, Michaels, and Carson)**

47.     Plaintiffs re-allege paragraphs 1 through 33 as if fully restated herein.

48.     The force used against Plaintiff Lloyd by Defendants Toledo, Michaels, and Carson was unreasonable and excessive.

49.     As a result of Defendant Toledo's, Defendant Michaels', and Defendant Carson's unreasonable, unjustified, and excessive use of force, Plaintiff Lloyd suffered pain and injury, as well as emotional distress.

50.     The misconduct of Defendant Toledo, Defendant Michaels, and Defendant Carson described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff Mosley's constitutional rights.

51.     This conduct violated the Fourth and Fourteenth Amendments to the United States Constitution, and hence 42 U.S.C. § 1983.

52.     The constitutional violations described herein was a direct and proximate result of Defendant Toledo's, Defendant Michaels', and Defendant Carson's actions, and Plaintiff Lloyd suffered injuries as a result of those actions,

8

including pain, suffering, and emotional distress.

## COUNT IV
### Illinois State Law Claim: Battery
### (Plaintiff Johnson Against Toledo and Carson)

53. Plaintiffs re-allege paragraphs 1 through 33 as if fully restated herein.

54. As described more fully in the preceding paragraphs, Defendants Toledo and Carson knowingly and intentionally made physical contact with Plaintiff Johnson of an insulting or provoking nature and caused bodily harm to Plaintiff Mosley.

55. Defendant Toledo's and Defendant Carson's conduct was done knowingly, intentionally, and with malice.

56. As a direct and proximate cause of Defendant Toledo's and Defendant Carson's conduct, Plaintiff Johnson sustained injuries, including pain, suffering, and emotional distress.

57. As described above, the Defendant Toledo's and Defendant Carson's conduct was undertaken within the scope of their employment such that his employer, City of Markham, is liable for his actions.

## COUNT V
### Illinois State Law Claim: Battery
### (Plaintiff Mosley Against Rangel and Carson)

58. Plaintiffs re-allege paragraphs 1 through 33 as if fully restated herein.

59. As described more fully in the preceding paragraphs, Defendants Ranel and Carson knowingly and intentionally made physical contact with Plaintiff Mosley of an insulting or provoking nature and caused bodily harm to Plaintiff

9

Mosley.

60.     Defendant Rangel's and Defendant Carson's conduct was done knowingly, intentionally, and with malice.

61.     As a direct and proximate cause of Defendant Rangel's and Defendant Carson's conduct, Plaintiff Mosley sustained injuries, including pain, suffering, and emotional distress.

62.     As described above, the Defendant Rangel's and Defendant Carson's conduct was undertaken within the scope of their employment such that his employer, City of Markham, is liable for his actions.

### COUNT VI
### Illinois State Law Claim: Battery
### (Plaintiff Lloyd Against Toledo, Michaels, and Carson)

63.     Plaintiffs re-allege paragraphs 1 through 33 as if fully restated herein.

64.     As described more fully in the preceding paragraphs, Defendants Toledo, Michaels, and Carson knowingly and intentionally made physical contact with Plaintiff Lloyd of an insulting or provoking nature and caused bodily harm to Plaintiff Lloyd.

65.     Defendant Toledo's, Defendant Michaels', and Defendant Carson's conduct was done knowingly, intentionally, and with malice.

66.     As a direct and proximate cause of Defendant Toledo's, Defendant Michaels', and Defendant Carson's conduct, Plaintiff Lloyd sustained injuries, including pain, suffering, and emotional distress.

67.     As described above, Defendant Toledo's, Defendant Michaels', and

Defendant Carson's conduct was undertaken within the scope of their employment such that his employer, City of Markham, is liable for his actions.

## COUNT VII
### Illinois State Law Claim: Assault
### (Plaintiff Johnson Against Toledo)

68.     Plaintiffs re-allege paragraphs 1 through 33 as if fully restated herein.

69.     As described more fully in the preceding paragraphs, Defendant Toledo raised his fist in proximity to Plaintiff Johnson's face and threatened to punch Plaintiff Johnson in the face.

70.     In doing so, Defendant Toledo knowingly placed Plaintiff Johnson in reasonable apprehension of receiving a battery.

71.     Defendant Toledo's conduct was without lawful authority.

72.     Defendant Toledo's conduct was done knowingly, intentionally, and with malice.

73.     As a direct and proximate result of Defendant Toledo's conduct, Plaintiff Johnson sustained injuries, including pain, suffering, emotional distress, mental anguish, humiliation, degradation, and loss of liberty.

74.     As described above, the Defendant Toledo's conduct was undertaken within the scope of his employment such that his employer, City of Chicago, is liable for his actions.

## COUNT VIII
### Illinois State Law Claim: Assault
### (Plaintiff Mosley Against Toledo)

75.     Plaintiffs re-allege paragraphs 1 through 33 as if fully restated herein.

76.     As described more fully in the preceding paragraphs, Defendant Toledo pointed his taser at Plaintiff Mosley and threatened to tase Plaintiff Mosley.

77.     In doing so, Defendant Toledo knowingly placed Plaintiff Mosley in reasonable apprehension of receiving a battery.

78.     Defendant Toledo's conduct was without lawful authority.

79.     Defendant Toledo's conduct was done knowingly, intentionally, and with malice.

80.     As a direct and proximate result of Defendant Toledo's conduct, Plaintiff Mosley sustained injuries, including pain, suffering, emotional distress, mental anguish, humiliation, degradation, and loss of liberty.

81.     As described above, the Defendant Toledo's conduct was undertaken within the scope of his employment such that his employer, City of Chicago, is liable for his actions.

## COUNT IX
### 42 U.S.C. § 1983: False Arrest
### (Plaintiff Johnson Against Toledo)

82.     Plaintiff re-alleges paragraphs 1 through 33 as if fully restated herein.

83.     Defendant Toledo arrested Plaintiff Johnson

84.     Defendant Toledo's arrest of Plaintiff Johnson was without probable cause.

85.     Defendant Toledo's arrest of Plaintiff Johnson, conducted under color of law, violated Plaintiff's constitutional rights as secured by the Fourth and Fourteenth Amendments to the United States Constitution, and hence violated 42

12

U.S.C. § 1983.

86.     Defendant Toledo's actions were unreasonable, willful, wanton, malicious, and were undertaken with reckless indifference to Plaintiff's constitutional rights.

87.     The constitutional violation described herein was a direct and proximate result of Defendant Toledo's actions, and Plaintiff suffered injuries of a personal and pecuniary manner as a result of those actions, including emotional distress, mental anguish, humiliation, degradation, and loss of liberty.

**<u>COUNT X</u>**
**42 U.S.C. § 1983: False Arrest**
**(Plaintiff Mosley Against Rangel & Carson)**

88.     Plaintiff re-alleges paragraphs 1 through 33 as if fully restated herein.

89.     Defendants Rangel and Carson arrested Plaintiff Mosley.

90.     Defendant Rangel and Carson's arrest of Plaintiff Mosley was without probable cause.

91.     Defendant Rangel and Carson's arrest of Plaintiff Mosley, conducted under color of law, violated Plaintiff Mosley's constitutional rights as secured by the Fourth and Fourteenth Amendments to the United States Constitution, and hence violated 42 U.S.C. § 1983.

92.     Defendants Rangel's and Carson's actions were unreasonable, willful, wanton, malicious, and were undertaken with reckless indifference to Plaintiff's constitutional rights.

93.     The constitutional violation described herein was a direct and

proximate result of Defendants Rangel's and Carson's actions, and Plaintiff suffered injuries of a personal and pecuniary manner as a result of those actions, including emotional distress, mental anguish, humiliation, degradation, and loss of liberty.

**COUNT XI**
**42 U.S.C. § 1983: False Arrest**
**(Plaintiff Lloyd Against Toledo, Rangel, & Michaels)**

94.     Plaintiff re-alleges paragraphs 1 through 33 as if fully restated herein.

95.     Defendants Toledo and Michaels arrested Plaintiff Lloyd

96.     Defendant Toledo, Rangel, and Michaels' arrest of Plaintiff Lloyd was without probable cause.

97.     Defendant Toledo, Rangel, and Michael's arrest of Plaintiff Lloyd, conducted under color of law, violated Plaintiff Lloyd's constitutional rights as secured by the Fourth and Fourteenth Amendments to the United States Constitution, and hence violated 42 U.S.C. § 1983.

98.     Defendants Toledo's, Rangel's, and Michaels' actions were unreasonable, willful, wanton, malicious, and were undertaken with reckless indifference to Plaintiff Lloyd's constitutional rights.

99.     The constitutional violation described herein was a direct and proximate result of Defendants Toledo's, Rangel's, and Michaels' actions, and Plaintiff  Lloyd suffered injuries of a personal and pecuniary manner as a result of those actions, including emotional distress, mental anguish, humiliation, degradation, and loss of liberty.

<u>**COUNT XII**</u>
**Illinois State Law Claim: False Imprisonment**
**(Plaintiff Johnson Against Toledo)**

100.     Plaintiffs re-allege paragraphs 1 through 33 as if fully restated herein.

101.     The actions taken by Defendant Toledo as described above restrained Plaintiff Johnson's freedom of movement.

102.     Defendant Toledo's actions in restraining Plaintiff Johnson's freedom of movement were done without reasonable grounds, reasonable suspicion, probable cause, or any other legal authority.

103.     The actions of Defendant Toledo were undertaken willfully, wantonly, and maliciously.

104.     As described above, Defendant Toledo's conduct was undertaken within the scope of his employment such that his employer, City of Markham, is liable for their actions.

<u>**COUNT XIII**</u>
**Illinois State Law Claim: False Imprisonment**
**(Plaintiff Mosley Against Rangel & Carson)**

105.     Plaintiffs re-allege paragraphs 1 through 33 as if fully restated herein.

106.     The actions taken by Defendants Rangel and Carson as described above restrained Plaintiff Mosley's freedom of movement.

107.     Defendant Rangel's and Carson's actions in restraining Plaintiff Mosley's freedom of movement were done without reasonable grounds, reasonable suspicion, probable cause, or any other legal authority.

108.     The actions of Defendants Rangel and Carson were undertaken

willfully, wantonly, and maliciously.

109.    As described above, Defendant Rangel's and Carson's conduct was undertaken within the scope of their employment such that their employer, City of Markham, is liable for their actions.

## COUNT XIV
### Illinois State Law Claim: False Imprisonment
### (Plaintiff Lloyd Against Toledo, Rangel, & Michaels)

110.    Plaintiffs re-allege paragraphs 1 through 33 as if fully restated herein.

111.    The actions taken by Defendants Toledo, Rangel, Michaels as described above restrained Plaintiff Lloyd's freedom of movement.

112.    Defendant Toledo's, Rangel's, and Michael's actions in restraining Plaintiff Lloyd's freedom of movement were done without reasonable grounds, reasonable suspicion, probable cause, or any other legal authority.

113.    The actions of Defendants Toledo, Rangel, and Michaels were undertaken willfully, wantonly, and maliciously.

114.    As described above, Defendant Toledo's, Rangel's, and Michael's conduct was undertaken within the scope of their employment such that their employer, City of Markham, is liable for their actions.

## COUNT XV
### 42 U.S.C. § 1983 Claim: Malicious Prosecution
### (Plaintiff Johnson Against Toledo)

115.    Plaintiffs re-allege paragraphs 1 through 33 as if fully restated herein.

116.    As described more fully above, Defendant Toledo commenced, caused to be commenced, and/or continued a criminal proceeding against Plaintiff Johnson

for which Defendant Toledo knew there was no probable cause.

117. The criminal proceeding terminated in Plaintiff Johnson's favor in a manner indicative of innocence.

118. Defendant Toledo's actions were undertaken intentionally, with malice, and with reckless indifference to the rights of Plaintiff Johnson.

119. Defendant Toledo accused Plaintiff Johnson of criminal activity knowing those accusations to be without probable cause and made false written and other statements with the intent of exerting influence to institute and continue judicial proceedings.

120. Criminal complaints, statements and reports of Defendant Toledo regarding Plaintiff Johnson's alleged criminal culpability were made with knowledge that the statements were false.

121. Defendant Toledo's malicious prosecution of Plaintiff Johnson, conducted under color of law, violated Plaintiff Johnson's constitutional rights as secured by the Fourth and Fourteenth Amendments to the United States Constitution, and hence violated 42 U.S.C. § 1983.

122. The actions of Defendant Toledo were undertaken willfully, wantonly, maliciously, and with reckless indifference to Plaintiff Johnson's rights.

123. The constitutional violation described herein was a direct and proximate result of Defendant Toledo's actions, and Plaintiff Johnson suffered as a result injuries, including emotional distress, mental anguish, humiliation, degradation, loss of liberty, loss of property, and pecuniary loss.

## COUNT XVI
### 42 U.S.C. § 1983 Claim: Malicious Prosecution
### (Plaintiff Mosley Against Rangel & Carson)

124. Plaintiffs re-allege paragraphs 1 through 33 as if fully restated herein.

125. As described more fully above, Defendants Rangel and Carson commenced, caused to be commenced, and/or continued a criminal proceeding against Plaintiff Mosley for which Defendants Rangel and Carson knew there was no probable cause.

126. The criminal proceeding terminated in Plaintiff Mosley's favor in a manner indicative of innocence.

127. Defendant Mosley's actions were undertaken intentionally, with malice, and with reckless indifference to the rights of Plaintiff Mosley.

128. Defendants Rangel and Carson accused Plaintiff Mosley of criminal activity knowing those accusations to be without probable cause and made false written and other statements with the intent of exerting influence to institute and continue judicial proceedings.

129. Criminal complaints, statements and reports of Defendants Rangel and Carson regarding Plaintiff Mosley's alleged criminal culpability were made with knowledge that the statements were false.

130. Defendant Rangel's and Carson's malicious prosecution of Plaintiff Mosley, conducted under color of law, violated Plaintiff Mosley's constitutional rights as secured by the Fourth and Fourteenth Amendments to the United States Constitution, and hence violated 42 U.S.C. § 1983.

131.    The actions of Defendants Rangel and Carson were undertaken willfully, wantonly, maliciously, and with reckless indifference to Plaintiff Mosley's rights.

132.    The constitutional violation described herein was a direct and proximate result of Defendants Rangel's and Carson's actions, and Plaintiff Mosley suffered as a result injuries, including emotional distress, mental anguish, humiliation, degradation, loss of liberty, loss of property, and pecuniary loss.

## COUNT XVII
### 42 U.S.C. § 1983 Claim: Malicious Prosecution
### (Plaintiff Lloyd Against Toledo, Rangel, & Michaels)

133.    Plaintiffs re-allege paragraphs 1 through 33 as if fully restated herein.

134.    As described more fully above, Defendants Toledo, Rangel, and Michaels commenced, caused to be commenced, and/or continued a criminal proceeding against Plaintiff Lloyd for which Defendants Toledo, Rangel, and Michaels knew there was no probable cause.

135.    The criminal proceeding terminated in Plaintiff Lloyd's favor in a manner indicative of innocence.

136.    Defendant Toledo's, Rangel's, and Michaels' actions were undertaken intentionally, with malice, and with reckless indifference to the rights of Plaintiff Lloyd.

137.    Defendants Toledo, Rangel, and Michaels accused Plaintiff Lloyd of criminal activity knowing those accusations to be without probable cause and made false written and other statements with the intent of exerting influence to institute

19

and continue judicial proceedings.

138.    Criminal complaints, statements and reports of Defendants Toledo, Rangel, and Michaels regarding Plaintiff Lloyd's alleged criminal culpability were made with knowledge that the statements were false.

139.    Defendant Toledo's, Rangel's, and Michaels malicious prosecution of Plaintiff Lloyd, conducted under color of law, violated Plaintiff Lloyd's constitutional rights as secured by the Fourth and Fourteenth Amendments to the United States Constitution, and hence violated 42 U.S.C. § 1983.

140.    The actions of Defendants Toledo, Rangel, and Michaels were undertaken willfully, wantonly, maliciously, and with reckless indifference to Plaintiff Lloyd's rights.

141.    The constitutional violation described herein was a direct and proximate result of Defendants Toledo's, Rangel's, and Michaels' actions, and Plaintiff Lloyd suffered as a result injuries, including emotional distress, mental anguish, humiliation, degradation, loss of liberty, loss of property, and pecuniary loss.

### COUNT XVIII
### Illinois State Law Claim: Malicious Prosecution
### (Plaintiff Johnson Against Toledo)

142.    Plaintiffs re-allege paragraphs 1 through 33 as if fully restated herein.

143.    As described more fully above, Defendant Toledo commenced, caused to be commenced, and/or continued a criminal proceeding against Plaintiff Johnson for which Defendant Toledo knew there was no probable cause.

144.    The criminal proceeding terminated in Plaintiff Johnson's favor in a manner indicative of innocence.

145.    Defendant Toledo's actions were undertaken intentionally and with malice.

146.    Defendant Toledo accused Plaintiff Johnson of criminal activity knowing those accusations to be without probable cause and made false written and other statements with the intent of exerting influence to institute and continue judicial proceedings.

147.    Criminal complaints, statements and reports of Defendant Toledo regarding Plaintiff Johnson's alleged criminal culpability were made with knowledge that the statements were false.

148.    The actions of Defendant Toledo were undertaken willfully, wantonly, and maliciously.

149.    As a result of Defendant Toledo's malicious prosecution, Plaintiff Johnson has suffered, as a direct and proximate cause, injuries, including emotional distress, mental anguish, humiliation, degradation, loss of liberty, loss of property, and pecuniary loss.

150.    As described above, Defendant Toledo's conduct was undertaken within the scope of his employment such that his employer, City of Markham, is liable for his actions.

## COUNT XIX
### Illinois State Law Claim: Malicious Prosecution
### (Plaintiff Mosley Against Rangel & Carson)

151.    Plaintiffs re-allege paragraphs 1 through 33 as if fully restated herein.

152.    As described more fully above, Defendants Rangel and Carson commenced, caused to be commenced, and/or continued a criminal proceeding against Plaintiff Mosley for which they knew there was no probable cause.

153.    The criminal proceeding terminated in Plaintiff Mosley's favor in a manner indicative of innocence.

154.    Defendant Rangel's and Carson's actions were undertaken intentionally and with malice.

155.    Defendant Rangel and Carson accused Plaintiff Mosley of criminal activity knowing those accusations to be without probable cause and made false written and other statements with the intent of exerting influence to institute and continue judicial proceedings.

156.    Criminal complaints, statements and reports of Defendant Rangel and Carson regarding Plaintiff Mosley's alleged criminal culpability were made with knowledge that the statements were false.

157.    The actions of Defendants Rangel and Carson were undertaken willfully, wantonly, and maliciously.

158.    As a result of Defendant Rangel's and Carson's malicious prosecution, Plaintiff Mosley has suffered, as a direct and proximate cause, injuries, including emotional distress, mental anguish, humiliation, degradation, loss of liberty, loss of

property, and pecuniary loss.

159.   As described above, Defendant Rangel's and Carson's conduct was undertaken within the scope of their employment such that their employer, City of Markham, is liable for their actions.

## COUNT XX
### Illinois State Law Claim: Malicious Prosecution
### (Plaintiff Lloyd Against Toledo, Rangel, and Michaels)

160.   Plaintiffs re-allege paragraphs 1 through 33 as if fully restated herein.

161.   As described more fully above, Defendants Toledo, Rangel, and Michaels commenced, caused to be commenced, and/or continued a criminal proceeding against Plaintiff Lloyd for which they knew there was no probable cause.

162.   The criminal proceeding terminated in Plaintiff Lloyd's favor in a manner indicative of innocence.

163.   Defendant Toledo's, Rangel's, and Michaels' actions were undertaken intentionally and with malice.

164.   Defendants Toledo, Rangel, and Michaels accused Plaintiff Lloyd of criminal activity knowing those accusations to be without probable cause and made false written and other statements with the intent of exerting influence to institute and continue judicial proceedings.

165.   Criminal complaints, statements and reports of Defendants Toledo, Rangel, and Michaels regarding Plaintiff Lloyd's alleged criminal culpability were made with knowledge that the statements were false.

166.   The actions of Defendants Toledo, Rangel, and Michaels were

undertaken willfully, wantonly, and maliciously.

167.   As a result of Defendant Toledo's, Rangel's, and Michaels' malicious prosecution, Plaintiff Lloyd has suffered, as a direct and proximate cause, injuries, including emotional distress, mental anguish, humiliation, degradation, loss of liberty, loss of property, and pecuniary loss.

168.   As described above, Defendant Toledo's, Rangel's, and Michaels' conduct was undertaken within the scope of their employment such that their employer, City of Markham, is liable for their actions.

## <u>COUNT XXI</u>
### Illinois State Law Claim: Intentional Infliction of Emotional Distress
### (Plaintiff Johnson Against Toledo)

169.   Plaintiffs re-allege paragraphs 1 through 33 as if fully restated herein.

170.   The misconduct of Defendant Toledo was committed with intentional disregard for Plaintiff Johnson's safety and amounted to extreme and outrageous conduct.

171.   Defendant Toledo intended to inflict severe emotional distress upon Plaintiff Johnson and knew that there was a high probability that his conduct would cause Plaintiff Johnson severe emotional distress and mental anguish.

172.   As a direct and proximate result of Defendant Toledo's conduct, Plaintiff Johnson sustained injuries, including severe emotional distress.

### ***<u>Respondeat Superior</u>***

173.   Plaintiffs re-allege each of the preceding paragraphs as if fully restated herein.

174. In committing the acts alleged in the preceding paragraphs, Defendant Officers were acting as a members and agents of the City of Markham, and acting at all relevant times within the scope of their employment as Markham Police Officers.

175. Defendant City of Markham is liable as principal for all torts committed by its agents.

## Indemnification

176. Plaintiffs re-alleges each of the preceding paragraphs as if fully restated herein.

177. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

178. Defendant Officers are employees of the City of Markham and were acting within the scope of their employment when committing the misconduct described herein.

WHEREFORE, Plaintiffs, ERIC JOHNSON, MARY MOSLEY, AND DEMARIO LLOYD, respectfully requests that this Honorable Court enter judgment in THEIR favor and against Defendants, MARKHAM POLICE OFFICERS TOLEDO (Star No. 582), RANGEL (Star No. 546), MICHAELS (Star No. 557), CARSON (Star No. 552), and CITY OF MARKHAM, awarding compensatory damages and attorneys' fees, along with punitive damages against DEFENDANT

OFFICERS in their individual capacities, as well as any other relief this Court deems just and appropriate.

**<u>Jury Demand</u>**

Plaintiffs, ERIC JOHNSON, MARY MOSLEY, AND DEMARIO LLOYD, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

/s/ *Ian M. Barney*
IAN M. BARNEY
Barney Hammond LLP
53 W Jackson Blvd., Suite 1424
Chicago, Illinois 60604
Tel: 312-854-0906
E: ian@barneyhammond.com